United States Court of Appeals

For the Eighth Circuit

_____

No. 22-1119

_____

United States of America

*Plaintiff - Appellee*

v.

Leroy C. Tate

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: December 12, 2022
Filed: January 13, 2023
[Unpublished]

_____

Before LOKEN, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Leroy Tate pled guilty to possession with intent to distribute fifty grams or more of methamphetamine. Tate appeals the finding that he qualified as a career offender under the sentencing guidelines § 4B1.1(a). We affirm.

Tate had two convictions for the sale of low-THC cannabis, or hemp, in Missouri in 2004 and 2010. The district court[1] found the two prior convictions were controlled substance offenses under U.S.S.G. § 4B1.2(b). With the two controlled substance offenses Tate qualified as a career offender under U.S.S.G. § 4B1.1(a).

Missouri removed hemp as a controlled substance in 2018. Tate argues the change in law should disqualify his convictions as controlled substance offenses. After this appeal was filed, the Eighth Circuit expressly rejected this argument. United States v. Bailey, 37 F.4th 467, 470 (8th Cir. 2022), *petition for cert. filed*, (U.S. Oct. 18, 2022) (No. 22-5877) ("we may not look to current state law to define a previous offense" (citations omitted)). Therefore, the "uncontested prior marijuana convictions under the hemp-inclusive version of" Missouri law "categorically qualified as controlled substance offenses for the career offender enhancement." Id. (citations omitted).

We affirm the judgment of the district court.

_____

---

[1]The Honorable Stephen N. Limbaugh, Jr. United States District Judge for the Eastern District of Missouri.